01
02
03
04
05
06
07

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

08  CHARLES E. CORLISS,                          )    Case No. C04-2357-JLR-JPD
                                                 )
09           Petitioner,                         )
                                                 )
10      v.                                        )    REPORT AND RECOMMENDATION
                                                 )
11  JOSEPH LEHMAN,                               )
                                                 )
12           Respondent.                          )
    _____        )
13

14  I.      INTRODUCTION

15          Petitioner has filed a *pro se* petition for writ of habeas corpus challenging his 1995

16  conviction in state court for solicitation to commit murder.  After reviewing the parties' briefs

17  and the state court record, this Court recommends that the petition be denied.

18  II.     FACTS & PROCEDURAL HISTORY

19          On August 28, 1995, petitioner, who was represented by defense counsel, pled guilty

20  in King County Superior Court to one count of solicitation to commit murder.  Dkt. No. 14,

21  Ex. 1, 9.  In his plea, petitioner wrote out the elements of his crime and then, in his own

22  words, wrote out how his actions satisfied the elements of the offense:

23          I paid $50 to a man who was supposed to be a hit man according to the man who

24          arranged the meeting, Kevin Barnhill.  I knew that a hit man is a person who kills

25          people for money.  The hit man turned out to be an undercover police officer.  The

26          people named in the information are people who I thought were threatening me, as

REPORT AND RECOMMENDATION
PAGE -1

01  well as the mother of my children who was I believed putting them in a bad

02  environment.  This occurred in King County.  I paid money to the "hit man" with

03  the intent that the "hit man" kill [the intended victims].

04  Dkt. No. 14, Ex. 9.  The signed plea also indicated that petitioner had read the entire document

05  and had made his plea freely and voluntarily.  Dkt. No. 14, Ex. 9.  Following his conviction,

06  petitioner was sentenced to 180 months of incarceration.  Dkt. No. 14, Ex. 1.

07  While the Judgment and Sentence correctly identified the conviction as criminal

08  solicitation, it cited an inapplicable portion of the Revised Code of Washington.  Dkt. No. 14,

09  Ex. 1.  Rather than identifying RCW 9A.28.030(1), the solicitation to commit murder section, it

10  cited 9A.32.030(1)(c), the section describing murder in the first degree.[1]  Dkt. No. 14, Ex. 1.

11  Petitioner collaterally attacked his conviction by filing a personal restraint petition which

12  argued, *inter alia*, that the charging documents were flawed and that the statute under which he

13  was convicted was ambiguous.  Dkt. No. 14, Ex. 2.  The Washington Court of Appeals,

14  however, denied that petition on October 22, 2003.  Dkt. No. 14, Ex. 3.  Petitioner then filed a

15  Motion for Reconsideration with the Washington Supreme Court that raised similar issues, but

16  the motion was denied.  Dkt. No. 14, Ex. 4, 5.  Petitioner then moved to modify the

17  Commissioner's ruling, but was again denied.  Dkt. No. 14, Ex. 6, 7.  On October 8, 2004, the

18  Washington Court of Appeals issued a certificate of finality.  Dkt. No. 14, Ex. 8.

19  Petitioner timely filed this petition on November 22, 2004.  Dkt. No. 1.

20  III.  CLAIMS FOR RELIEF

21  Petitioner raises a number of  claims.  Dkt. No. 1.  In his first group of claims he argues

22  that the charging documents used against him were inaccurate and incomplete, and that these

23  deficiencies violate the Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S.

24  Constitution.  Dkt. No. 1 at xi.  Petitioner's second group of claims appear to stem from his

25  _____

26  [1]The Amended Information used to charge petitioner referred to both the solicitation statute, 9A.28.030(1),
and  and to the first degree murder statute, 9A.32.030(1)(a).  Dkt. No. 14, Ex 2.

REPORT AND RECOMMENDATION
PAGE -2

01  belief that the murder statute cited in the Amended Information and Judgment and Sentence was

02  a factor in his conviction. He essentially asserts that his guilty plea was not knowing and

03  voluntary and that he received ineffective assistance of counsel.[2]

04       As discussed below, the Court recommends petitioner's claims be dismissed because

05  they raise pre-plea constitutional issues and do not provide sufficient grounds for this Court to

06  grant a writ of habeas corpus.

07  IV.    DISCUSSION

08       A.    Petitioner's Claims Re: The Constitutional Validity of the Charging Documents
             are Barred by His Valid Guilty Plea

09

10       Generally, once a petitioner has entered a valid guilty plea, he may not then bring a

11  collateral attack that alleges the deprivation of constitutional rights for the period before the

12  plea. *See Tollett v. Henderson* 411 U.S. 258, 265-67 (1973); *Journigan v. Duffy*, 552 F.2d

13  283, 287 (9th Cir. 1977). A guilty plea breaks the chain of events that preceded it in the

14  criminal process because a guilty plea establishes the factual guilt of the defendant. *Tollet*, 411

15  U.S. at 266-67; *Journigan*, 552 F.2d at 288.

16       Although a valid guilty plea bars collateral attacks for the pre-plea period, petitioners

17  may challenge the voluntary and intelligent character of their guilty plea or counsel's

18  ineffectiveness in advising the petitioner to enter a plea. *See Tollett*, 411 U.S. at 267;

19  *Journigan*, 552 F.2d at 287 n.6. The knowing and voluntary standard requires that the

20  defendant understand the nature of the charge, as well as "the law in relation to the facts."

21  *McCarthy v. United States,* 394 U.S. 459, 466 (1969); *United States v. $31,697.59 Cash,* 665

22  F.2d 903, 905 (9th Cir.1982); Fed. R. Crim. P. 11(c). Thus, the record must establish that there

23  is an adequate factual basis for a guilty plea.

24
         _____

25       [2] Petitioner also argues that he is not procedurally barred by the running of the statute of limitations. This
         Report and Recommendation does not address that argument, however, because the statute of limitations is not
         an issue in this case and is not raised as a defense by the state. Additionally, petitioner argues he has shown good

26  cause       sufficient to warrant withdrawal of his guilty plea. This argument, however, is not factually or legally
    distinct from       his attack on the knowing and voluntary nature of his plea.

REPORT AND RECOMMENDATION
PAGE -3

01      Here, petitioner argues that the Amended Information used to charge him was

02  constitutionally deficient.  Dkt. No. 1.  Petitioner cites a variety of cases to essentially argue that

03  the Amended Information failed to identify the "supporting elements" of the law he violated.

04  Dkt. No. 1.  He contends that the absence of these essential elements violates the Constitution,

05  including the Fifth, Sixth, Eighth, and Fourteenth Amendments.  Dkt. No. 1.

06      Petitioner's claims relating to the sufficiency of his charging documents, however, are

07  barred because he entered a valid guilty plea.  The evidence overwhelmingly demonstrates that

08  petitioner understood the elements of solicitation to commit murder – the crime with which he

09  was charged and to which he pleaded guilty – as well as how his actions satisfied those

10  elements.  In his guilty plea, plaintiff wrote that he was charged with the crime of "criminal

11  solicitation to commit murder" and that the elements of the crime are to "pay or give something

12  of value to another with intent to promote or facilitate a specific act which if completed by the

13  other person would constitute murder in the first degree."  Dtk. No. 14, Ex. 9.

14      Moreover, petitioner stated in his own words precisely what actions he committed that

15  constituted this crime.  *See supra* page 1; Dtk. No. 14, Ex. 9.  The plea indicates that it was

16  made freely and voluntarily and that petitioner had at least a high school education.  Indeed,

17  petitioner does not allege that this statement was coerced and there is no evidence in the record

18  to suggest such.  All of petitioner's claims relating to his pre-plea period must therefore be

19  dismissed.

20      B.   The State Courts' Adjudications of Plaintiff's Remaining Claims Were Proper

21      To the extent petitioner also attacks the knowing and voluntary nature of his plea, the

22  constitutionality of the statute used to convict him, and the effectiveness of his counsel, his

23  arguments must be analyzed under the Anti-Terrorism and Effective Death Penalty Act of 1996

24  ("AEDPA").  AEDPA limits the power of federal courts to grant writs of habeas corpus to state

25  prisoners.  *Williams v. Taylor*, 529 U.S. 362 (2000).  Federal courts may only grant a habeas

26  petition to prisoners whose claims have been adjudicated on the merits by state courts if the

REPORT AND RECOMMENDATION
PAGE -4

01  adjudication either "resulted in a decision that was contrary to, or involved an unreasonable

02  application of, clearly established federal law, as determined by the Supreme Court of the

03  United States; or (2) resulted in a decision that was based on an unreasonable determination of

04  the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

05  State court decisions can be contrary to clearly established federal law either by arriving at a

06  legal conclusion opposite to one reached by the Supreme Court, or by arriving at an opposite

07  conclusion based upon a set of materially indistinguishable facts.  *Williams*, 592 U.S. at 404.

08  State court findings of fact are presumed to be correct unless petitioner demonstrates otherwise

09  by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

10          Here, petitioner appears to argue that his guilty plea was not knowing and voluntary

11  because his attorney did not properly inform him about the effect that the murder statute would

12  have on his conviction.  He claims that, had he understood the true nature of the charges, he

13  would not have pleaded guilty.  Petitioner also makes broad claims that the statute used to

14  convict him is unconstitutionally ambiguous.

15          Based on the record, however, this Court cannot find that the state court evaluations of

16  petitioner's claims were contrary to or an unreasonable application of clearly established federal

17  law.  As discussed above, petitioner's guilty plea was made knowingly and voluntarily.  The

18  judgment's typographical error notwithstanding, it correctly identifies petitioner's crime.  Dkt.

19  No. 14, Ex. 1.  Moreover, the guilty plea clearly states that petitioner is charged with criminal

20  solicitation to commit murder, identifies the essential elements of the crime, and describes how

21  petitioner's actions satisfied those elements.  *See supra* section IV.A; Dkt. No. 14, Ex. 9.  This

22  shows petitioner understood the law in relation to the facts of his case.  No cases cited by

23  petitioner nor any identified by this Court indicate that upholding a conviction in the face of

24  such harmless error conflicts with Supreme Court precedent.  Petitioner's guilty plea was

25  therefore knowing and voluntary and the state courts' decisions were proper.

26          Similarly, petitioner's ineffective assistance of counsel argument must fail.  This

REPORT AND RECOMMENDATION
PAGE -5

01 argument is based on petitioner's erroneous belief that his attorney failed to properly inform him

02 about the impact the murder statute on his conviction.  Indeed, petitioner argues that "murder

03 does not fit the case at hand," and arguments to that effect, throughout his briefs.  *See e.g.* Dkt.

04 No. 1 at 17.  As both the Washington Court of Appeals and Washington Supreme Court

05 pointed out, however, the erroneous citation of the murder statute in the Judgment and

06 Sentence was nothing more than a harmless clerical error.  Dkt. No. 14, Ex 3, 5.  Such harmless

07 error does not provide grounds for federal habeas relief.

08     Finally, petitioner's assertion that the statute used to convict him is unconstitutionally

09 ambiguous is insufficient for this Court to grant habeas relief.  As the Washington Supreme

10 Court noted, the solicitation to commit murder statute clearly describes the elements of the

11 crime and identifies the manner in which it is to be punished.  Dkt. No. 14 Ex. 5.  Petitioner

12 raises no cognizable arguments to the contrary nor presents this Court with any authority that

13 indicates the state court ruling is inconsistent with Supreme Court precedent.  Petitioner has

14 therefore failed to demonstrate that his petition should be granted.

15 V.     CONCLUSION

16     Because petitioner entered a knowing and voluntary guilty plea, his arguments attacking

17 alleged constitutional deficiencies for the pre-plea period are barred.  Petitioner's ineffective

18 assistance of counsel argument and attack on the validity of his guilty plea are erroneously based

19 on his misunderstanding that the murder statute cited in his Judgment and Sentence had a

20 material effect on his conviction.  The record demonstrates they did not.  Finally, petitioner has

21 not shown that the statute used to convict him was so unconstitutionally ambiguous that a writ

22 of habeas corpus should be granted.  For these reasons, the Court recommends the petition be

23 denied.  A proposed order accompanies this Report and Recommendation.

24     DATED this 7th day of April, 2005.

25                         /s/ James P. Donohue
                        United States Magistrate Judge
26

REPORT AND RECOMMENDATION
PAGE -6