1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES E. CORLISS,

                    Petitioner,

        v.

JOSEPH LEHMAN,

                    Respondent.

CASE NO. C04-2357JLR

ORDER

## I.    INTRODUCTION

This matter comes before the court on Petitioner's notice of appeal to the United States Ninth Circuit Court of Appeals (Dkt. # 24), which this court construes as a motion for certificate of appealability under 28 U.S.C. § 2253(c), and Petitioner's motion to appoint counsel on appeal (Dkt. # 25).  Having considered the papers filed in connection with these motions, the court DENIES both of Petitioner's motions.

## II.    BACKGROUND

Petitioner Charles E. Corliss, Jr. filed a *pro se* petition for writ of habeas corpus challenging his 1995 conviction in state court for solicitation to commit murder. In essence, Petitioner argues that the judgment and sentence used in his case violated the Constitution and that he failed to make a knowing and voluntary plea.  With the

ORDER – 1

assistance of counsel at his plea, Petitioner wrote out the elements of his crime and

described how his actions satisfied those elements:

> I paid $50 to a man who was supposed to be a hit man according to the
> man who arranged the meeting, Kevin Barnhill.  I knew that a
> hit man is a person who kills people for money.  The hit man
> turned out to be an undercover police officer.  The people named in the
> information are people who I thought were threatening me, as well as
> the mother of my children who was I believed putting them in a bad
> environment.  This occurred in King County.  I paid money to the "hit
> man" with the intent that the "hit man" kill [the intended victims].

Petitioner's signed plea also indicated that he read the entire document and made his plea

freely and voluntarily.

Although Petitioner's judgment and sentence correctly identified his conviction for

criminal solicitation, the documents cited an inapplicable portion of the Revised Code of

Washington for murder in the first degree.  Rather than identifying RCW 9A.28.030(1),

the solicitation to commit murder section, the judgment and sentence cited RCW

9A.32.030(1)(c), the first degree murder section.  This court previously considered

Petitioner's habeas claim and dismissed it when the court adopted Magistrate Judge

Donohue's Report and Recommendation ("R&R").  Consistent with Judge Donohue's

R&R, the court found that Petitioner entered a knowing and voluntary plea barring his

claims relating to the sufficiency of his charging documents, and that the state court

decisions[1] evaluating his claims did not involve a contrary or unreasonable application of

clearly established federal law under 28 U.S.C. § 2254(d).  Petitioner now seeks to appeal

the dismissal of his habeas claim.

---

[1]These decisions include the Washington Court of Appeals' denial of Petitioner's personal
restraint petition and the Washington Supreme Court's denial of Petitioner's motion for
reconsideration.

ORDER – 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.   ANALYSIS

**A.      Legal Standard**

Among the substantial changes to federal habeas corpus procedure wrought by the Antiterrorism and Effective Death Penalty Act of 1996 is the rule that a habeas petitioner must obtain a "certificate of appealability" to appeal the denial of a habeas petition under 28 U.S.C. § 2254.  See 28 U.S.C. § 2253(c); Gatlin v. Madding, 189 F.3d 882, 886 (9th Cir. 1999) ("issuance of a certificate of appealability is a jurisdictional prerequisite to appeal.").  Although the statute is unclear, the Ninth Circuit has held that a United States District Court may issue a certificate of appealability.  United States v. Asrar, 116 F.3d 1268, 1269 (9th Cir. 1997).  A district court may issue a certificate of appealability only if the "applicant has made a substantial showing of the denial of a constitutional right" and specified the issues on appeal.  28 U.S.C. § 2253(c)(2)-(3).  The Supreme Court has elaborated that a petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted).  The decision to issue a certificate of appealability turns not on the court's assessment of the applicant's chances for success on appeal, but whether the appeal would raise material and debatable questions.  Miller-El v. Cockrell, 537 U.S. 322, 342 (2003) (directing courts to focus on "the debatability of the underlying constitutional claim, not the resolution of that debate.").  Here, the dismissal of Petitioner's habeas claim does not warrant a certificate of appealability.

**B.      Motion for Certificate of Appealability**

Although Petitioner's "Notice of Appeal" (Dkt. # 24) fails to identify any specific issues on appeal, the court will assume that Petitioner seeks to appeal the dismissal of his habeas claim on the same grounds that he originally sought relief.  Having reviewed the

ORDER – 3

record in this matter and the cases cited by Petitioner in his objections to Judge Donohue's R&R (Dkt. # 21), the court finds that none of the issues raised by Petitioner in his habeas petition are ones which "reasonable jurists could debate."

Based on the record before the court, Petitioner entered a knowing and voluntary plea despite the technical defect in his judgment and sentence citing an inapplicable subsection of the Revised Code of Washington.  In his plea, Petitioner hand wrote the elements of the crime with which he was charged – criminal solicitation to commit murder – and explained in his own words how his actions satisfied the elements of the crime.  Petitioner does not allege that his plea was coerced or that he did not understand the crime with which he was charged.  The cases on which Petitioner relies neither suggest that the state courts' adjudication of his case involved a contrary or unreasonable application of clearly established federal law, nor do they support Petitioner's broad proposition that "Judgment and Sentence are given no margin for error."[2]  Thus, the court finds that Petitioner's habeas claim would not raise material and debatable questions and DENIES Petitioner's motion for certificate of appealability.[3]

**C.    Motion to Appoint Counsel on Appeal**

Petitioner seeks counsel to assist him with his appeal, but fails to provide the court with any authority for granting such a request.  Given the court's denial of Plaintiff's motion for certificate of appealability, the court DENIES Petitioner's motion to appoint counsel on appeal.

_____

[2]Indeed, at least one of the cases Petitioner cites directly supports the court's decision. Smith v. United States, 360 U.S. 1, 9 (1959) ("Convictions are no longer reversed because of minor and technical deficiencies which did not prejudice the accused.") (citations omitted).

[3]The court rejects Petitioner's argument that the statute used to convict him was unconstitutionally ambiguous given Petitioner's failure to cite any authority to that effect, and his failure to explain what provisions are ambiguous.

ORDER – 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.   CONCLUSION

For the reasons stated above, the court DENIES Petitioner's motion for a certificate of appealability (Dkt. # 24) and motion to appoint counsel (Dkt. # 25).

Dated this 11th day of July, 2005.

_____
JAMES L. ROBART
United States District Judge

ORDER – 5